UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TOM LEONARD, an individual

     Plaintiff,

v.                                      Case No:   2:14-cv-589-FtM-29DNF

AFFORDABLE CARTS, LLC and
DONALD L. STEWART,

     Defendants.

---

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

     This cause is before the Court on the parties' Joint Motion to Approve FLSA Settlement and for Dismissal With Prejudice (Doc. 21) and Settlement Agreement (Doc. 21-1) filed on June 18, 2015. The Plaintiff, Tom Leonard and the Defendants, Affordable Carts, LLC and Donald L. Stewart are requesting that the Court approve the parties' settlement of the Fair Labor Standards Act ("FLSA") claim.

     To approve the settlement, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the Fair Labor Standards Act ("FLSA").   *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982), and 29 U.S.C. §216.   There are two ways for a claim under the FLSA to be settled or compromised.   *Id.* at 1352-3.   The first is under 29 U.S.C. §216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees.   *Id.* at 1353.   The second is under 29 U.S.C. §216(b) when an action is brought by employees against their employer to recover back wages. *Id.*   When the employees file suit, the proposed settlement must be presented to the district court for the district court review and determination that the settlement is fair and

reasonable.   *Id*. at 1353-54.

The Eleventh Circuit found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit

> provides some assurance of an adversarial context.   The employees are likely to be represented by an attorney who can protect their rights under the statute.   Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching.   If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id*. at 1354.

The Plaintiff asserts that he worked for the Defendant as a sales manager with his primary duties consisting of selling and leasing golf cars.   The Plaintiff claims that he did not receive full compensation for the hours worked. (Doc. 14, p. 3). There are *bona fide* disputes as to the amount of overtimes wages owed to the Plaintiff, if any. The parties engaged in mediation before James L. Nulman Esq. and reached a mutually agreeable settlement. The parties also agreed to enter into a General Release and a Mutual Release which releases both parties from any further charges, claims, demands, damages, actions, causes of action or lawsuits of any kind or nature and has additional circumstances and contingencies which the parties agree to release each other from liability. (Doc. 21-1, p. 3).   The total amount of the settlement is $25,000.00.   The Plaintiff, Tom Leonard will receive $7,270.00 for overtime wages and $7,270.00 for liquidated damages. The Court determines that the terms of the settlement are reasonable as to overtime wages and liquidated damages.

The Defendants agree to pay $10,460.00 in attorney fees and costs. The amount of attorneys' fees was agreed upon as a separate amount from the Plaintiff's recovery. Pursuant to *Bonetti v. Embarq Management Company*, 715 F. Supp.2d 1222, 1228 (M.D. Fla. 2009), "the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered. If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement." Judge Presnell concluded that

> In sum, if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

*Id*. In the instant case, the settlement was reached, and the attorneys' fees were agreed upon separately from the amount paid to the Plaintiffs. The Settlement Agreement (Doc. 21-1) appears reasonable on its face.

**IT IS RESPECTFULLY RECOMMEDED:**

1) That the Joint Motion to Approve FLSA Settlement and for Dismissal With Prejudice (Doc. 21) be **GRANTED** and the Settlement Agreement (Doc. 21-1)) be approved by the Court as a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues.

2) The Court further recommends that if the District Court adopts this Report and
Recommendation, that the Clerk be directed to dismiss this action with prejudice,
terminate all pending motions, and close the file.

Failure to file written objections to the proposed findings and recommendations contained
in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from
attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida on June , 2015.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties